IN THE MATTER OF THE ESTATE OF LIZZIE E. PRATT, Deceased.

[No. 11,146 (N. S.); April 26, 1912.]

Will—Interpretation—Property Coming to Estate After Death.— If a testatrix by her will disposed of all the property she knew she owned to her three children, but not in uniform ratio, other property coming into the estate after her death but before final distribution should be distributed in equal shares according to the rules of succession, nowithstanding the spirit of the will.

Stoney, Rouleau & Stoney and Donzel Stoney, for Petitioner.

Orville C. Pratt, Jr., in propria persona, and Charles S. Wheeler and Nathan Moran, for heirs claiming under the statute of distribution.

COFFEY, J. On a petition for final distribution filed by the executrix, the question is presented whether certain property which has come into the estate is disposed of by the will, or whether as to it there is an intestacy, in which event it should be distributed to the heirs at law in accordance with the provisions of the Civil Code governing succession.

The will of the testatrix is holographic. With much detail and exactness it disposes of all the property shown by the inventory among the three surviving children of the decedent, who are also her sole heirs at law. The property so divided consists of one parcel of real property of the value of $6,600, and personal property appraised at $125,000, approximately. The will does not provide a uniform ratio of division among the recipients, the shares of each varying in accordance with the wishes of the testatrix as to the several items of property disposed of. That is to say, the parcel of land is given entire to one; the library to another; money, stocks and bonds are divided in one proportion, laces and jewelry in another, furniture in still another; and, in addition, there are specific bequests of particular articles. As to the property thus itemized, no question arises. With the exception of sufficient cash reserved in the hands of the executrix to pay the expenses of administration, it has been heretofore delivered to the legatees under decrees of partial distribution.

It further appears, however, that the testatrix, up to the time of her death, enjoyed a life estate in agricultural lands of considerable extent, which were rented by her to tenants "on shares," she receiving as rent stated proportions of the products of the soil of whatever the same might consist. Her death having occurred five months after the beginning of the crop year, the question arose with the remainderman as to whether the estate was entitled to any portion of the crop rents due at the next harvest season. A settlement was agreed upon, and has received the approval of the court, whereby the estate acquires its equitable proportion of these

rents. For the sake of convenience, and as a precaution against loss, the produce has been converted into money but for the purposes of the present consideration of the court, is to be regarded as being still subsisting as products of the soil.

The will contains no provision which is prima facie to be contrued as a general residuary clause. The executrix petitioning is one of the three heirs at law, as well as the principal legatee under the will. In her individual capacity she contends that the crop rents above mentioned come within and are disposed of by the following provision of the will: "I give, devise and bequeath all money, stocks and bonds I may have at the time of my death—after payment of debts, funeral expenses, testamentary obligations & for place of interment, as follows." Under the terms of the will, two-thirds of such money, stocks and bonds are to go to her daughter Marie, one-sixth to her daughter Lilian and one-sixth to her son Orville.

Specifically, the contention is that the word "money," used in the paragraph quoted, is to be construed as a residuary bequest of all personal property not otherwise disposed of by the will, basing this argument on the presumption against intestacy. In support of the contention, petitioner cites Estate of Miller, 48 Cal. 165, 22 Am. Rep. 422, in which case the word "money" used in a will was construed to include the residue of both personal and real property.

In that decision the supreme court found that the testator used the word "money" in its wider and popular sense, synonymous with "property" and "estate," and the court expressly took cognizance of the cardinal rule of construction, that in order to construe a gift of "money" in a will as including the general residue of personal or real property it must appear from the context and on the face of the will that such was the intention of the testator.

In order to arrive at the intention of the testatrix upon the question under consideration, the will should first be viewed as a whole: Estate of Clancy, 3 Cof. Prob. Dec. 343, 348. From the provisions of the will it is evident that the testatrix had a complete and exact conception of what constituted her property, aside from the particular asset here

under consideration. The instrument itself bears every internal evidence that the testatrix was possessed of the highest order of intelligence, and of much more than the ordinary skill in the use of words. It is but reasonable to conclude that the word "money" was not used by the testatrix in the loose and popular sense as synonymous with "property" or "estate," and that the crop rents in question are an asset contingent in character, and not in the contemplation of the testatrix at the time she executed her will: Hawkins' Construction of Wills, 49.

No decision upon the question at issue being deducible from the will as a whole, it will next be necessary to examine its provisions in detail in order to arrive at the intention of the testatrix. It is well settled that the law strongly favors the presumption against intestacy, whether the same be total or partial. Civil Code, section 1326, is declaratory of the law only so far as total intestacy is concerned, but it is not in derogation of the same principle as applied to total intestacy: Estate of O'Gorman, 161 Cal. 654, 120 Pac. 33. On the other hand, as a principle correlative to the above, it has been frequently affirmed that "if the intention of the testator with reference to a partial bequest or devise cannot be deduced from the face of the will, the bequest or devise fails, and there is a partial intestacy as to the subject matter thereof": Estate of Fay, 3 Cof. Prob. Dec. 270, 275; Estate of Young, 123 Cal. 341, 55 Pac. 1011; Estate of Doe, 1 Cof. Prob. Dec. 54, 66; Estate of Hale, 2 Cof. Prob. Dec. 191, 207 et seq.

According to Mr. Roper's systematic analysis of the construction of wills with respect to legacies, the first point to be considered is, the time to which the will refers in designating the property to be disposed of. The will under consideration proceeds as follows: "I give, devise and bequeath all money, stocks and bonds I may have at the time of my death . . . as follows." The testatrix did not have the crop rents here in question at the time of her death, which occurred on the twenty-ninth day of January, 1911. She did not even have at that time a right in praesenti to receive in futuro then existing property; the crops might never have matured or might have been embezzled by the tenant into

whose possession they would come at the time of severance, or they might have been destroyed by fire while in his possession, or a dozen other contingencies might have arisen whereby the testatrix, had she lived, or her representatives, might never have received them at all. This estate was, at most, a mere expectancy.

An analogous instance quoted by Mr. Roper is a bequest of ships and money which, at the time of testator's decease, should be due and owing to him. A contest arising in respect of freight money earned by the ship under charter-party and on a voyage which was uncompleted until after the testator's death, it was held that this money did not pass: 1 Roper on Legacies, *247, *249. Similarly as to a bequest of moneys "in hand" at the time of testator's death. Such a bequest will pass money in bank, or in the possession of testator's agent, but not money due on a mortgage debt, or rents, even though due but not collected prior to testator's decease: 1 Roper on Legacies, *283.

The limitation expressly attached by the testatrix to moneys "I may have at the time of my death," is a strong, if not a conclusive, ground for not construing "money" to include the residuary estate: Byron v. Brandreth, L. R. 19 Eq. 475.

The conclusion just indicated is verified by the context in which the bequest of money is found. The rule noscitur a sociis is particularly applicable to the construction of wills: Broom's Legal Maxims, 8th ed., 447–449. The fact that the testatrix coupled the bequest of money with that of stocks and bonds, forms of security most easily convertible into money, and most generally construed as passing under a bequest of money, plainly shows that she intended to use the word "money" in its strict sense. Under such circumstances, it will not receive the broader construction merely on the strength of even an expressed intention to dispose of the whole estate: 1 Jarman on Wills, *729.

It therefore appears, both upon examination of the will as a whole and from specific rules of construction which must be applied to it, that the crop rents under consideration should be distributed according to the laws of succession in

equal shares among the three heirs at law of the testatrix, as being property not contemplated by the testatrix at the time of making her will, and not disposed of by the provisions of the will.

Let it be decreed that the proceeds of the crop rents be distributed in accordance with the above conclusions, and in like manner as to all other property of the estate not now known or discovered, except such as would come strictly under the denomination of money, stocks and bonds.